**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| **BENJAMIN S. GOLDBERG** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.** _____ |
| ) | |
| **GOVERNOR RALPH SHEARER** ) | |
| **NORTHAM** ) | |
| **20 Ingalls Rd.** ) | |
| **Fort Monroe, VA 23651** ) | |
| ) | |
| **and** ) | |
| ) | |
| **KEITH C. BERNSTEIN** ) | |
| **1000 19th St.** ) | |
| **Virginia Beach, Virginia, 23451** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**COMPLAINT**

COMES NOW, Plaintiff, Benjamin S. Goldberg, by counsel, and respectfully seeks

judgment against Defendants as follows:

**Introduction**

1.      This is Plaintiff's claim seeking damages and relief for deprivation of statutory

and constitutional rights, without due process of law, as a result of the efforts of state actors in

removing Plaintiff from a gun show and exposition due to Plaintiff's noncompliance with a mask

mandate under the then-governor's executive orders.

**Statement of Facts**

2.      Plaintiff is an adult individual and resident of Henrico County, Virginia.

3.      Defendant Keith C. Bernstein is an adult individual and, upon information and belief, a resident of the City of Virginia Beach, Virginia.

4.      Defendant Ralph Shearer Northam ("Governor Northam") is the former Governor of the Commonwealth of Virginia and a resident of the Commonwealth of Virginia.

5.      Plaintiff is a duly licensed firearms dealer who makes his living by selling custom and other firearms at local gun shows throughout Virginia, as well as regionally and to military service members.

6.      On March 20, 2021, Plaintiff was at a gun show in Virginia Beach, Virginia at the Virginia Beach Convention Center, which is owned by the City of Virginia Beach.

7.      At that time and place, the building was leased by SGK a/k/a Southeastern Gun & Knife, a gun show promoter (the Promoter). Plaintiff paid $1,605.00 in rent for his booth and work space at the gun show to the Promoter.

8.      In effect at that time and place were certain executive orders issued by Governor Northam, which required, in pertinent part, attendees and vendors at events such as the gun show to wear cloth masks because of the COVID19 Pandemic, and the SARS-COV-2 virus.

9.      At that time and place, Governor Northam's executive orders related to COVID19 had been in place for approximately nine months and the vaccines for the SARS-COV-2 virus had received emergency use authorization from the federal Food and Drug Administration (FDA).

10.      At that time and place, it was well known that the scientific evidence was lacking in support of masking requirements dictating the use of cloth masks to suppress the spread of COVID19. It was not established scientifically or empirically that simple cloth masks were effective or useful in controlling the SARS-COV-2 virus.

11. Indeed, it is well established scientifically that the use of cloth masks have minimal effect in preventing the spread of COVID19, and that masks which block smaller respiratory droplets, such as high quality surgical masks, KN95 masks or N95 respirators, are necessary for suppressing said disease.

12. Due to discomfort in breathing caused by the mask requirements, and due to the requirements for his business, as well as in an exercise of the liberty of his person, Plaintiff declined to put on a mask for the gun show.

13. Defendant Keith C. Bernstein worked with other unknown Virginia Beach officials (Unnamed Co-Conspirators) to plan and orchestrate enforcement of Governor Northam's executive orders in Virginia Beach in general, and at the gun show in particular.

14. Defendant Keith C. Bernstein, working with said unnamed co-conspirators, while enforcing Governor Northam's executive orders, told the Promoter that Plaintiff must put on a mask or leave the gun show.

15. Plaintiff politely declined to wear the mask as required.

16. Defendant Keith C. Bernstein, while enforcing Governor Northam's executive orders, required Plaintiff to leave the gun show and conveyed this message through the Promoter.

17. Plaintiff politely complied with Defendant Keith C. Bernstein's requirement and left the gun show.

18. Because Plaintiff is the licensed firearms dealer for his business, his assistants were unable to sell any firearms during the gun show, and instead could only sell accessories and things of that nature.

19. As a direct and proximate result of Governor Northam's executive orders, and the enforcement of said orders by Defendant Keith C. Bernstein, his unnamed Co-Conspirators and

the Promoter, Plaintiff suffered lost profits from sales at said gun show in the amount of approximately $70,000.00.

## COUNT I – 42 USC 1983

## DEPRIVATION OF FOURTH AMENDMENT RIGHTS

20.     Plaintiff repeats and realleges each and every foregoing paragraph as if fully set forth herein.

21.     Governor Northam's cloth mask mandates were a violation of the Fourth Amendment constitutional rights of the citizens of the Commonwealth of Virginia in general, and Plaintiff in particular, to be secure in their persons from unwarranted seizures.

22.     Said cloth mask mandates were not supported by scientific or empirical evidence as to their effectiveness in slowing or stopping the spread of the SARS-COV-2 virus.

23.     State actor, Governor Ralph Northam, indirectly by issuance of said executive orders, and state actor, Defendant Keith C. Bernstein, directly, effected a seizure upon the person of Plaintiff by requiring that he physically remove himself from the gun show.

24.     State actor, Governor Ralph Northam, indirectly by issuance of said executive orders, and state actor, Defendant Keith C. Bernstein, directly, deprived Plaintiff of his Fourth Amendment constitutional right by said seizure, thereby preventing Plaintiff from engaging in his business freely at a public event for which he was duly licensed and qualified, and for which he had paid significant rent for his booth and space at the gun show.

25.     As a direct and proximate result of said seizure, Plaintiff suffered damages in the amount of $70,000.00 for lost profits.

WHEREFORE, Plaintiff seeks damages in the amount of $70,000.00, punitive damages in the amount of $1,000,000.00, plus prejudgment and post judgment interest, his attorney's fees and such other relief as the Court deems just and proper.

### COUNT II – 42 USC 1985

### CONSPIRACY FOR DEPRIVATION OF FOURTH AMENDMENT RIGHTS

26.     Plaintiff repeats and realleges each and every foregoing paragraph as if fully set forth herein.

27.     State actors, Defendant Keith C. Bernstein, and the Unnamed Co-Conspirators, conspired to effect a seizure on Plaintiff under Governor Northam's unconstitutional executive orders, thereby depriving Plaintiff of his Fourth Amendment constitutional right to engage in his business freely at a public event for which he was licensed and duly qualified, and for which he had paid significant rent for his booth and work space.

28.     As a direct and proximate result of said conspiracy, Plaintiff was unable to engage in his business personally and suffered lost profits of $70,000.00 as a result of the deprivation.

WHEREFORE, Plaintiff seeks damages in the amount of $70,000.00, punitive damages in the amount of $1,000,000.00, plus prejudgment and post judgment interest, his attorney's fees and such other relief as the Court deems just and proper.

### COUNT III – VIRGINIA HUMAN RIGHTS ACT

29.     Plaintiff repeats and realleges each and every foregoing paragraph as if fully set forth herein.

30.     The unconstitutional seizure of Plaintiff by Governor Northam and Defendant Keith C. Bernstein, described *supra*, constituted a violation of the Virginia Human Rights Act.

31.    As a direct and proximate result of Governor Northam's and Defendant Keith C. Bernstein's violations of the Virginia Human Rights Act, Plaintiff was unable to engage in his business personally and suffered lost profits of $70,000.00.

WHEREFORE, Plaintiff seeks damages in the amount of $70,000.00, punitive damages in the amount of $350,000.00, plus prejudgment and post judgment interest, his attorney's fees and such other relief as the Court deems just and proper.

TRIAL BY JURY IS DEMANDED ON ALL ISSUES.

Respectfully Submitted,

Benjamin S. Goldberg
By Counsel

_____
Daniel A. Harvill, Esq. (VSB#47756)
DANIEL A. HARVILL, PLLC
9403 Grant Avenue, Suite 202
Manassas, VA 20110
Phone:          703-485-3111
Fax:            571-287-6795
Mobile:         703-507-6969
E-mail: danielaharvillpllc@gmail.com